[No. 13442. Department Two. October 9, 1916.]

CATHERINE MacDERMID, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS — STREETS — DEFECTIVE SIDEWALKS — NOTICE. In an action for injuries sustained by stepping upon a loose plank in a sidewalk, evidence that notice of the defect had been given to a person in charge of a nearby municipal bath plant, under the board of park commissioners, is inadmissible to show notice to the city, where the streets were in charge of the board of public works.

SAME—STREETS—DEFECTIVE SIDEWALKS — ACTIONS — CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for personal injuries sustained by stepping upon a loose plank in a sidewalk, in which the city pleaded contributory negligence, the same becomes an issue from the evidence of the plaintiff in detailing the circumstances, and properly the subject of an instruction to the jury.

TRIAL—INSTRUCTIONS—ASSUMPTION OF FACTS. In an action for personal injuries sustained by stepping on a loose plank in a sidewalk, an instruction "if you think the plaintiff was negligent herself" etc. is not an assumption by the court, but a submission of the fact to the jury.

SAME—STREETS — ACTIONS — DEGREE OF CARE — INSTRUCTIONS. In such an action, an instruction that remote localities in a suburb do

[1]Reported in 160 Pac. 290.

not require the same degree of care as where travel is frequent is not prejudicial, when taken in connection with proper instructions as to the care imposed by law in maintaining streets in proportion to the danger to be apprehended in view of the circumstances and surroundings.

TRIAL—RECEPTION OF EVIDENCE—OFFER OF PROOF. It is not error to refuse to exclude the jury while appellant was making an offer of proof, upon a favorable fact, even though followed by an admonition to disregard it.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 7, 1916, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries caused by a defective sidewalk. Affirmed.

*James Kiefer*, for appellant.

*Hugh M. Caldwell* and *Frank S. Griffith*, for respondent.

MORRIS, C. J.—Appellant, claiming to have received an injury caused by a defective sidewalk, sued the city. The cause was submitted to a jury, and verdict returned for the city, upon which judgment was entered and this appeal taken.

The place of the injury was on Alki avenue near the municipal bathing beach. At this point Alki avenue is about fifteen feet above the beach, and is reached by a flight of stairs. Appellant, coming up the stairs from the beach to the avenue, claims that, as she reached the sidewalk on the avenue, she stepped upon a loose plank which flew up, catching her foot, and resulting in a sprained ankle.

The first error alleged is in the exclusion of evidence. Appellant sought to show both actual and constructive notice. In order to show actual notice, appellant offered to prove that, four days before her accident, a lady, in stepping from the sidewalk to the head of the stairs at the same point, noticed the loose plank and telephoned a person in charge of the municipal bath house of the condition of the walk. The offer was rejected. The ruling was correct. The streets of Seattle are in charge of the board of public works. The bathing beach and bath house are under the supervision of the board

of park commissioners. Actual notice to the board of park commissioners is not notice to the board of public works. In order to charge a city with actual notice, such notice must be brought home to some officer or person who is in some way charged with the duty of maintaining the streets in proper condition. No complaint is made but that the case was properly submitted to the jury upon the question of constructive notice.

The next contention is that the court erred in instructing the jury that,

"Under the law nobody can come into court pleading carelessness of the opposite party, if the carelessness of the complaining party is the contributory cause of the injury, and if you think from any evidence in this case that the plaintiff was negligent herself, and her own carelessness in walking, in stepping on this sidewalk was the contributory cause of the accident without which it could not have occurred, of course, she could not recover."

It is argued there was no evidence upon which to submit the question of contributory negligence to the jury. The city pleaded contributory negligence as a defense, and being so pleaded it was an issue in the case to be determined by the jury as they believed the fact, either from affirmative proof on the part of the city, or from the evidence of appellant herself in detailing the circumstances which she claimed resulted in her injury. Being an issue of fact, it was for the jury to determine under proper instructions. The question was fairly submitted to the jury in this and other parts of the charge not quoted.

The instruction is further criticized because it is said it assumes contributory negligence. We do not so read it. The language of the instruction is, "If you think from any evidence in this case that the plaintiff was negligent herself," etc. This was a submission of the fact to the jury, and not an assumption by the court.

The third claim of error is that the court erred in using this language in an instruction:

"In a remote locality, a suburb of the city, where the highway is seldom or infrequently used, the same degree of care would not be expected, as in a locality where crowds assemble and where travel is frequent."

This is only part of an instruction in which the court charged the jury that the degree of care imposed by law on the city in maintaining its streets was in proportion to the danger to be apprehended from the use of the streets, and that in determining such question the circumstances and surroundings with regard to the place of accident should be taken into consideration. Reading this instruction as a whole, we see no fault in it.

The last error charged is that the court refused to exclude the jury when appellant was making her offer of proof outlined in the first claim of error. We see no error here. It could not be prejudicial to appellant to have the jury hear an offer of testimony she regarded as valuable to her recovery, even though such testimony was excluded. The ruling thereon was one of law and not one of fact, and it is difficult to see how an offer of testimony upon a favorable fact getting before the jury, even though followed by an admonition to disregard it, could prejudice the party offering to prove it.

The judgment is affirmed.

HOLCOMB, MAIN, PARKER, and BAUSMAN, JJ., concur